O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SAVETA FELIX,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No. EDCV 11-925-OP

MEMORANDUM OPINION; ORDER

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly addressed Plaintiff's ability to perform work available at the regional and national levels at Step 5 of the Sequential Evaluation Process. (JS at 3.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**III.**

**DISCUSSION**

**A. The ALJ's Decision.**

The ALJ found that Plaintiff has the severe impairments of adjustment disorder with depression; borderline intellectual functioning; obesity; anemia; and

status post gastric bypass surgery. (Administrative Record ("AR") at 11.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, and that Plaintiff is able to understand, remember, and carry out simple, repetitive tasks, with one to two step instructions, and occasionally interact with the public and coworkers. (Id. at 14.)

The ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id. at 20.) To determine the extent to which Plaintiff's limitations erode the unskilled light occupational base, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. Relying on the testimony of the VE, the ALJ determined that Plaintiff would be able to perform such occupations as table worker (Dictionary of Occupational Titles ("DOT") No. 739.687-182), and assembler of electrical equipment (DOT No. 729.687-010), both positions which exist in significant numbers in the national economy. (AR at 20.)

**B. The ALJ Properly Addressed Plaintiff's Ability to Perform Unskilled Work at Step Five of His Analysis.**

Plaintiff contends that although the hypothetical questions the ALJ posed to the VE took into account the fact that Plaintiff is illiterate, the RFC and the hypothetical questions failed to take into account Plaintiff's longer "learning curve." (JS at 4.) Specifically, Plaintiff relies on the August 30, 2008, report of Dr. Jeannette K. Townsend, Ph.D. (AR at 202-07.) In that report, Dr. Townsend indicated, without elaboration, that although Plaintiff could do a simple, repetitive task, "[b]ecause of her memory impairment she would need more repetitions and take longer to learn basic work procedures." (JS at 4 (citing AR at 206).) Plaintiff contends that the hypothetical questions did not include this element of Dr. Townsend's opinions and that the jobs identified by the VE, with a specific

vocational preparation ("SVP") of 2 are, therefore, beyond Plaintiff's capabilities.

Hoever, SVP is a term of art used in the DOT to classify "how long it *generally* takes to learn the job." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (emphasis added). The regulations contain definitions for the skill requirements for particular jobs, which are classified as "unskilled," "semi-skilled," and "skilled." For example, 20 C.F.R. sections 404.1568 and 416.968 define "unskilled work" as that "which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 404.968(a). A job is deemed unskilled if "a person *can usually learn* to do the job in 30 days, and little specific vocational preparation and judgment are needed." Id. § 404.1568(a). The regulations specifically state that the definitions for different gradients of "skill" level are made in accord with the Department of Labor's DOT. Id. § 404.1568 ("[O]ccupations are classified as unskilled, semi-skilled, and skilled. In classifying these occupations, we use materials published by the Department of Labor."). Social Security Ruling 00-4p notes that, the DOT lists an SVP for each described occupation. "Using the skill level definitions in [20 C.F.R. § § 404.1568] and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." Soc. Sec. Ruling 00-4p. An SVP level of 1 consists of unskilled jobs that can be learned after a short demonstration only, while an SVP level of 2 are those jobs that require "[a]nything beyond short demonstration *up to and including* 1 month." 20 C.F.R. § 404.1568 (a); see also DOT, App'x C, "Components of the Definition Trailer" (4th ed. 1991) (emphasis added); Terry, 903 F.2d at 1276 (holding that unskilled jobs are those that have an SVP of 30 days or less).

With respect to Dr. Townsend's report, the ALJ specifically noted that he gave "significant weight, but not controlling weight," to that opinion. (AR at 18.) He noted that Dr. Townsend determined "that at all relevant times [Plaintiff] has

been able to understand, remember, and carry out simple, repetitive tasks, with one to two step instructions, and she can occasionally interact with the public and coworkers." (Id.) He also noted Dr. Townsend's belief that Plaintiff's score on the Test of Memory Malingering indicated "probably suboptimal effort" and represented only a "minimum estimate of the claimant's functional level." (Id.)

The ALJ's RFC finding that Plaintiff could perform a range of light work with the additional limitation to simple, repetitive tasks, with one to two step instructions, and occasional interaction with the public and coworkers is even more restrictive than Dr. Townsend's opinions that Plaintiff is able to understand simple and detailed instructions but has difficulty with complex instructions and would interact appropriately with coworkers, supervisors, and the public.

Moreover, Plaintiff's implied argument – that Dr. Townsend's opinion that Plaintiff would need more repetition and take longer to learn basic work procedures means that she is incapable of performing unskilled work – is speculative at best. Preliminarily, Plaintiff's limitations as determined by the ALJ, including the limitations to simple, repetitive tasks and to only occasional interaction with the public and coworkers, are not incompatible with the performance of unskilled work. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 691 (9th Cir. 2009) (holding that the ALJ did not err in finding that a claimant with moderate limitations in the ability to carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and set realistic goals or make plans independently was not disabled); Thomas v. Barnhart, 278 F.3d 947, 953, 955 (9th Cir. 2002) (affirming the ALJ's finding that a claimant who had "moderate mental residual functional capacity limitations" and a "marked limitation in her ability to maintain concentration over extended periods" could perform unskilled jobs); Russey v. Massanari, No. 00 C 50311, 2001 WL 1242901, at *2, *10 (N.D. Ill. Oct.12, 2001) (holding that the ALJ properly found that a claimant who was moderately limited

in his ability to understand, remember and carry out detailed instructions, and get along with peers and coworkers without distracting them or exhibiting behavioral extremes, and markedly limited in his ability to interact appropriately with the general public, could perform unskilled work).

Although Plaintiff argues that "[a]n employee who has distinct trouble getting up to speed may not be capable of learning the job in 30 days or less," there is no evidence in the record, or in Dr. Townsend's report, that this is true of Plaintiff. In fact, Dr. Townsend also opined that Plaintiff *was capable* of performing simple, repetitive tasks, an opinion which, as discussed above, is not incompatible with unskilled work. Furthermore, there is no indication in the record or in Dr. Townsend's report that would indicate Plaintiff has limitations that would preclude her from eventually being able to learn how to perform the jobs of table worker or assembler.

Plaintiff would apparently have this Court find that any individual worker who might take more than thirty days to learn an unskilled job would be precluded from doing unskilled work. The Court has been unable to find any authority supporting this proposition and declines to interpret the SVP level of a job in this way. As noted by the regulations, the SVP level is a measure that helps to *classify* any given occupation (20 C.F.R. §§ 404.1568(a)) – it is not a level that must be met by any specific plaintiff in order to be deemed capable of performing that category of work. See, e.g., Gonzales v. Astrue, No. 1:10-cv-01330-SKO, 2012 WL 14002, at *13 (E.D. Cal. Jan. 4, 2012) (citation omitted) ("Defining particular jobs as 'unskilled' speaks more to the issue of the level of vocational preparation necessary to perform the job rather than the issue of the job's simplicity"). Additionally, the SVP level is assigned to those positions where an individual "*can usually learn* to do the job in 30 days," and does not state that any given individual must be capable of learning the job in thirty days or less – in fact, the definition of SVP level 2 itself implies that some individuals may take more than

thirty days to learn the job. Terry, 903 F.2d at 1276.

Based on the foregoing, the Court finds no error.

**IV.**

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: February 9, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge